**ROYAL INDEMNITY CO. et al. v. AMERICAN BOND & MORTGAGE CO., Inc., et al.**

No. 2703.

Circuit Court of Appeals, First Circuit.

May 23, 1933.

Seldon Bacon, of New York City, and Martin Witte, of Boston, Mass. (Albert A. Schaefer, of Boston, Mass., and Saul S. My-

ers, of New York City, on the brief), for appellants.

Robert Hale and Herbert J. Connell, both of Portland, Me. (Verrill, Hale, Booth & Ives and Cook, Hutchinson, Pierce & Connell, all of Portland, Me., on the brief; Leonard A. Pierce, of Portland, Me., of counsel), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This is an appeal (taken by leave of this court under the provisions of section 24b of the Bankruptcy Act, 11 USCA § 47 (b) from an order of the District Court transferring the case from the district of Maine to the Eastern division of the Northern district of Illinois. The appellants are creditors who opposed the order of transfer. The principal grounds of opposition were: (1) That there was no valid bankruptcy proceeding pending in the Illinois district to which the Maine proceeding could be transferred; and (2) that the removal was not for the greatest convenience of the parties in interest. Bankruptcy Act, § 32 [11 USCA § 55].

The first question has now been authoritatively decided against the contentions of the appellants. Royal Indemnity Company v. American Bond & Mortgage Company, 53 S. Ct. 551, 77 L. Ed. ——, opinion of April 10, 1933.

The second point involves only a question of fact. The bankrupt, though organized under the laws of Maine, was essentially a Chicago concern. It had large offices in that city, and its business, which was extensive, centered there. Its books of account were kept in the Chicago office. It did comparatively little business in Maine. The equity receivers, to whom its property and affairs were turned over pending the adjudication in bankruptcy, carried on the receivership from the bankrupt's Chicago office. A considerable business was done by the bankrupt in New York, and there might perhaps be room for argument that New York would be a more convenient place at which to liquidate its affairs than Chicago; but no transfer to New York is requested or could be made.

We think that the District Judge was right in making the order of transfer; certainly it does not appear that he was clearly wrong.

The order of the District Court is affirmed, with costs to the appellees.